John B. Sganga (SBN 116,211)
john.sganga@knobbe.com
Sean M. Murray (SBN 213,655)
sean.murray@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502

Loni Morrow (SBN 287,693)
Loni.morrow@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
12790 El Camino Real
San Diego, CA 92130
Phone: (858) 707-4000; Fax: (858) 707-4001

Attorneys for Plaintiff/Counterdefendant,
**LUND MOTION PRODUCTS, INC.**

John P. Schnurer, Bar No. 185725
JSchnurer@perkinscoie.com
Kevin J. Patariu, Bar No. 256755
KPatariu@perkinscoie.com
John D. Esterhay, Bar No. 282330
JEsterhay@perkinscoie.com
James Young Hurt, Bar No. 312390
jhurt@perkinscoie.com
**PERKINS COIE LLP**
11988 El Camino Real, Suite 350
San Diego, California 92130-2594
Phone: (858) 720-5700 Fax: (858) 720-5799

Attorneys for Defendants/Counterclamants,
**T-MAX (HANGZHOU) TECHNOLOGY CO., LTD.;**
**T-MAX INDUSTRIAL (H.K.) CO., LTD.**

NOTE: CHANGES MADE BY THE COURT

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUND MOTION PRODUCTS, INC., a Delaware corporation, | Case No. 8:17-cv-01914 CJC (JPRx) |
| Plaintiff, | **[DISCOVERY MATTER]** |
| v. | **STIPULATED PROTECTIVE ORDER** |
| T-MAX (HANGZHOU) TECHNOLOGY CO., LTD., a Chinese corporation, et.al, | Hon. Cormac J. Carney Hon. Jean P. Rosenbluth |
| Defendants. | |
| AND RELATED COUNTERCLAIMS | |

Pursuant to Federal Rule of Evidence 26(c) and to facilitate the production and receipt of information in discovery in this action, Plaintiffs Lund Motion Products, Inc. ("Lund"), and Defendants T-Max (Hangzhou) Technology Co., Ltd. and T-Max Industrial (H.K.) Co. Ltd. (collectively, "T-Max"), have agreed and stipulated, through their respective counsel, to the entry of an order for the protection of trade secret, proprietary, and other confidential research, development, financial, business, or commercial information that may be produced or otherwise disclosed by them during the course of this action.[1]

Upon consideration of the record and proceedings herein, the parties hereby stipulate to the following terms:

1.    **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve the production of confidential, proprietary, or private information that may warrant special protection from public disclosure and from use for purposes other than those specifically set forth in this Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

2.    **GOOD CAUSE STATEMENT**

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information that the parties believe warrants special protection from public disclosure and from use for any purpose other than the litigation or settlement of this action. Such confidential and proprietary materials and information include, among other things, confidential business or

---

[1] This Stipulated Protective Order is partially based on the model protective order provided under Magistrate Judge Gail J. Standish's Procedures.

financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. The parties stipulate that disclosure of this information would cause competitive harm to the parties. For example, the parties believe that competitors will gain an unfair advantage if they learn the parties' Protected Material, such as financial information, accounting information, customer lists, vendor lists, costs or profits structure, sales information, product lines, business and marketing strategy or information about operations. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing will be so designated without a good-faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**3. ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER SEAL**

The parties further acknowledge, as set forth in Section 14.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that

must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Wellbon v. Sony Electronics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal. The parties' mere designation of Disclosure or Discovery Material as Protected Material does not—without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

Further, if a party requests sealing of material used in connection with a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought must be narrowly tailored to serve the specific interest to be protected. *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions

can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

## 4. DEFINITIONS

4.1 <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

4.2 <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

4.3 <u>Designating Party</u>: a Party or Non-Party that designates Disclosure or Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

4.4 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated for purposes of litigation in this matter, including documents, data and information, answers to interrogatories, answers to deposition questions, responses to requests for admission, affidavits, expert reports, any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations or presentations by parties or counsel to or in court or in other settings.

4.5 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a current employee of a Party and (3) at the time of retention, is not anticipated to become an employee of a Party or a Party's competitor.

4.6 "HIGHLY CONFIDENTIAL" Information or Items: Extremely sensitive "Confidential Information or Items," the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means. It includes, without limitation, (1) highly sensitive settlement and/or licensing agreements (including drafts thereof) that are subject to a third-party confidentiality agreement requiring Highly Confidential designation; (2) highly sensitive corporate strategy and financial data; (3) highly sensitive product information containing information not available to competitors or the public concerning present products, anticipated products or products in development; (4) pending but unpublished patent applications; (5) customers' identities and personal information; and (6) other highly confidential technical, research and development, and financial information.

4.7 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

4.8 Outside Counsel: attorneys and their support staff who are not employees of a party to this action and who (i) have appeared in this action on behalf of such party or (ii) are employed with a law firm which has appeared on behalf of that party.

4.9 Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel (and their support staffs).

4.10 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

4.11 Professional Vendors: persons or entities that provide litigation support services (including but not limited to: photocopying, videotaping, translating, preparing and reviewing discovery material, exhibits or

demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

4.12 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

4.13 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

**5. SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied, extracted, or derived from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party or Producing Party.

**6. DURATION**

The confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of: (1) dismissal of all claims and defenses in this action, with or without prejudice; or (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including expiration of the

time limits for filing any motions or applications for extension of time pursuant to applicable law.

**7. DESIGNATING PROTECTED MATERIAL**

7.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

Mass, indiscriminate or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it has designated for protection do not qualify for any protection or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing or altering the mistaken designation.

7.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (*see, e.g.*, second paragraph of section 7.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to each page of the document that contains protected material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL." After the inspecting Party has identified the documents that it wishes to have copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL") to each page of the document that contains Protected Material.

(b) for transcripts of depositions or other discovery-related proceedings, that the original and all copies of any transcript, in whole or in part, be marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by the court reporter at the request of any party. This request may be made orally during the proceeding or in writing within fifteen (15) days of receipt of the transcript of the proceeding. Deposition transcripts shall be treated by default as "HIGHLY CONFIDENTIAL" until the expiration of the time to make a confidentiality designation. Any portions so designated shall thereafter be treated in accordance with the terms of this Order unless a court orders otherwise.

Transcripts containing Protected Material shall have an obvious legend with the appropriate designation on the title page and every subsequent page that the transcript contains Protected Material. If only portions of a transcript are designated as Protected Material, then the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by

the Designating Party. The Designating Party shall inform the court reporter of these requirements.

(c) <u>for information and items not produced in documentary form</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

7.3 <u>Failure to Designate</u>. A failure to designate qualified information or items, whether by inadvertence or otherwise, does not, standing alone, waive in whole or in part the Designating Party's right to secure protection under this Order for such material. Upon subsequent correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with any revised designations under the provisions of this Order and promptly collect any copies of the material that have been provided to individuals other than those authorized under Paragraph 9 of this Order. The Designating Party may also request the individuals to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**8. CHALLENGING CONFIDENTIALITY DESIGNATIONS**

8.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time consistent with the Court's scheduling order. A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

8.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is

challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order as well as Local Rule 37. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within seven (7) days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has first engaged in this meet and confer process or has established that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

8.3　<u>Judicial Intervention</u>. Subject to Paragraph 8.2, the Challenging Party shall initiate the dispute resolution process under the Court's typical discovery dispute procedures, including Local Rule 37.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**9.     ACCESS TO AND USE OF PROTECTED MATERIAL**

9.1     <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for litigating or attempting to settle their present dispute. Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 16 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

9.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose information or items designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel; as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)     Up to four officers, directors, or employees for the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and provided the signed copy to all Parties prior to receiving access to Protected Material;

(c)     Experts (as defined in this Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for purposes of this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 9.4(a)(1) below have been followed;

(d)    the court and its personnel;

(e)    any designated arbitrator or mediator who is assigned to hear this matter, or who has been selected by the Parties, and his or her staff, who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(f)    court reporters and their staff, including stenographic, videographic, and clerical personnel;

(g)    professional jury or trial consultants and mock jurors who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A), which does not need to be disclosed to the Designating Party unless the Court orders otherwise;

(h)    Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), which does not need to be disclosed to the Designating Party unless the Court orders otherwise;

(i)    during their depositions or in discovery-related court proceedings, witnesses in this action, provided that (1) such documents or information were authored by, addressed to, or received by such persons or other persons employed by the same entity as such persons, or (2) such documents or information were produced by or obtained from such persons or their employer;

(j)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(k)    any other person with the prior written consent of the Designating Party.

9.3    Disclosure of "HIGHLY CONFIDENTIAL" Information or Items.

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item

designated "HIGHLY CONFIDENTIAL" only to those persons meeting the descriptions of Section 9.2 (a), (c), (d), (e), (f), (g), (h), (i), (j), and (k).

9.4    Procedures for Approving or Objecting to Disclosure of Protected Material to Experts.

(a)(1) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert, or to any officers, directors, or employees of the Receiving Party, any information or item that has been designated "CONFIDENTIAL" pursuant to paragraph 9.2(b) or 9.2(c), first must provide the Designating Party with written notice that (1) includes the proposed recipient's signed "Acknowledgement  and Agreement to Be Bound" (Exhibit A), (2) sets forth the full name of the proposed recipient and the city and state of his or her primary residence, and (3) describes the proposed recipient's current and reasonably foreseeable job responsibilities.

(a)(2) A Party that seeks to disclose to an Expert any Protected Material first must provide the Designating Party with a written notice that includes (1) the Expert's signed "Acknowledgment and Agreement to Be Bound" (Exhibit A), (2) sets forth the full name of the proposed recipient and the city and state of his or her primary residence; (3) attaches a copy of the proposed recipient's current resume; (4) identifies the proposed recipient's current employer(s) and clients; (5) identifies each person or entity from whom the proposed recipient has received compensation or funding for work in his or her areas of expertise or to whom the proposed recipient has provided professional services, including in connection with litigation, at any time during the preceding five years;[2] (6) identifies any competitor of the Designating Party

---

[2]    If the proposed recipient believes any of this information is subject to a confidentiality obligation to a third party, then the proposed recipient should provide whatever information the proposed recipient believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the proposed recipient shall be available to meet and

with which the expert has any sort of relationship, whether personal or professional;  and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.  For purposes of clarity, all requests for disclosures to any proposed recipient under this paragraph are subject to Paragraphs 9.4(b) and (c).

(b)     A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified person after 10 days from the time it delivered the request unless, within 10 days of delivering the request, the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based and must be made for good cause. Failure to object within ten (10) days shall constitute approval.  The Parties specifically reserve the right to object to the disclosure of Protected Material to a proposed Expert should the proposed Expert be employed by the objecting Party's competitor.

(c)     A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice-to-voice dialogue) to try to resolve the matter by agreement within seven (7) business days of the written objection.  If no agreement is reached within that seven-day period, the Party seeking to make the disclosure may file a motion under Local Rule 37 seeking permission from the court to do so.

In any such proceeding, the Party opposing disclosure to the identified officers, directors, and employees of a Receiving Party or Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under

_____

confer with the Designating Party regarding any such engagement.

the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material.

(d)　A party who has not previously objected to disclosure of Protected Material to an Expert or whose objection has been resolved with respect to previously produced information shall not be precluded from raising an objection to an Expert at a later time with respect to materials or information that are produced after the time for objecting to such an Expert has expired so long as the basis of the objection was not reasonably foreseeable at the time objections to the Expert were originally due. Any such objection shall be handled in accordance with the provisions set forth above in Section 9.4(c).

## 10. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a discovery request, subpoena, or a court order from another litigation that compels disclosure of any information or items designated in this action as Protected Material, that Party must:

(a)　promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order unless prohibited by law;

(b)　promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)　cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order in the other litigation, the Party served with the discovery request, subpoena, or court order shall not produce any information designated in this action as Protected Material before a determination by the court from which the subpoena or order issued,

unless the Party has obtained the Designating Party's permission or a court so orders. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 11. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as Protected Material. Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) Both Parties shall be treated as a Receiving Party with respect to any information produced by a Non-Party in this action. To the extent that a Party obtains information from a Non-Party via subpoena, or otherwise, the Party shall produce the information to the other Party within 5 business days, unless the Party can demonstrate good reason why it is not possible to do so.

(c) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession (other than information produced in this litigation by a Non-Party), and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1. promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2. promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3. make the information requested available for inspection by the Non-Party.

(d) If the Non-Party fails to object or seek a protective order from the Court within fourteen (14) days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**12. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**13. PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). In accordance with Federal Rule of Evidence 502(d), the attorney-client privilege or work-product protection is not

necessarily waived as a result of the disclosure of information in connection with this litigation through inadvertence or error.

**14.    MISCELLANEOUS**

14.1    <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

14.2    <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Protective Order.

14.3    <u>Filing Protected Material</u>.  A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

**15.    PROSECUTION BAR**

Absent written consent from the Designating Party, any individual who receives access to "HIGHLY CONFIDENTIAL" information shall not be involved in the prosecution of patents or patent applications claiming retractable vehicle steps, including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office").  For purposes of this paragraph, "prosecution" includes drafting, amending, advising, or otherwise purposefully affecting the scope or maintenance of patent claims.  To avoid any doubt, "prosecution" as used in this paragraph does not include representing a

party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination or *inter partes* reexamination). This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL" information is first received by the affected individual and shall end two (2) years after final termination of this action.  Where this prosecution bar applies to an attorney at a law firm, the bar shall not be applied or imputed to other attorneys at the same firm who are not involved in the prosecution of patent applications claiming retractable vehicle steps.

## 16.    FINAL DISPOSITION

Within sixty (60) days after the latest of any final disposition, as defined in Section 6, of this action, or any IPR proceeding involving a patent asserted in this litigation, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain archival copies of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, and associated exhibits, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute

Protected Material remain subject to this Protective Order as set forth in Section 6.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: November 9, 2018       By: _/s/ Loni Morrow_____
                                     John B. Sganga
                                     Sean M. Murray
                                     Loni Morrow
                              Attorneys for Plaintiff/Counterdefendant,
                              Lund Motion Products, Inc.

PERKINS COIE LLP

Dated: November 9, 2018       By: _/s/ John D. Esterhay_____
                                     John P. Schnurer
                                     Kevin J. Patariu
                                     John D. Esterhay
                                     James Young Hurt
                              Attorneys for Defendants/Counterclaimants,
                              T-Max (Hangzhou) Technology Co., Ltd. and
                              T-Max Industrial (H.K.) Co., Ltd.

## **FILER'S ATTESTATION**

Pursuant to Local Rule 5-4.3.4 regarding signatures, I hereby attest that concurrence in the filing of this document has been obtained from all signatories above.

Dated: November 9, 2018            _/s/ Loni Morrow_____
                                        Loni Morrow

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

Dated: November 15, 2018       _____
                              UNITED STATES MAGISTRATE JUDGE

- 21 -

<u>EXHIBIT A</u>

<u>ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND</u>

UNDERTAKING OF _____

I, _____, declare that:

     1.    My business address is _____.

     2.    My present occupation (including job title) is

_____.

     3.    I am currently employed by _____

_____.

     4.    My past and present business relationships with the party retaining my services include:

_____.

     5.    I have received a copy of the Protective Order in *Lund Motion Products, Inc. v. T-Max (Hangzhou) Technology Co., Ltd. et al.,* , Case No. Case No. 8:17-cv-1914-CJC-JPR, and have carefully read and understand its provisions.

     6.    I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Protective Order, and will not copy or use for purposes other than for this lawsuit, any information designated under the Protective Order, except as expressly permitted in the Protective Order. I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.

     7.    I agree to take reasonable steps to return or destroy and certify destruction of all materials designated under the Protective Order which come into my possession, and documents or  things which I have prepared relating

thereto, to counsel for the party for whom I was employed or retained. I will do this immediately upon receiving a request from the counsel for the party for whom I was employed or retained or, in any event, by no later than thirty days after I have been notified that litigation between the parties has ended.

8.    I accept full responsibility for taking measures to ensure that staff members working under my supervision comply with the terms of this Protective Order.

9.    I hereby submit to the jurisdiction of and agree to appear before the United States District Court for the Central District of California for the purpose of enforcement of this Protective Order, even if such enforcement proceedings occur after termination of this action.

I declare under penalty of perjury that the foregoing is true and correct.

DATE:_____        SIGNATURE:_____